JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant State Farm Mutual Automobile Insurance Company ("State Farm") appeals the trial court's granting summary judgment for defendant-appellee Federal Insurance Company ("Federal"). In the case sub judice, plaintiff-appellee ("Shimko") was not acting within the course and scope of her employment. Therefore, based on the recent decision by the Ohio Supreme Court in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, Federal cannot be liable to State Farm on a pro rata basis for contribution. Having reviewed the arguments of the parties and the pertinent law, we affirm the decision of the trial court.
 I {¶ 2} Shimko was injured in a motor vehicle accident that occurred on April 16, 2000. Shimko sued the tortfeasor, Dennis Brickman ("Brickman"), recovered the policy limits of $12,500, and dismissed the tortfeasor's liability carrier. Shimko then proceeded with her claims for additional UM/UIM coverage under a $100,000 personal auto policy issued by State Farm and under a $1,000,000 commercial auto policy issued by Federal to her employer, The Lincoln Electric Company ("Lincoln Electric"). State Farm cross-claimed against Federal, claiming that Federal's coverage was co-primary with Shimko's personal auto coverage and, therefore, Federal must share in the loss on a pro rata basis with State Farm. The parties agreed that Shimko's damages amounted to $50,000 and that the remaining damages should be reduced by the $12,500 that the tortfeasor's liability carrier already paid. The damage calculations, therefore, resulted in $37,500 in outstanding damages.
 {¶ 3} Federal and State Farm both filed cross-motions for summary judgment regarding the coverage issues. The trial court ruled that Shimko did not have a UM/UIM claim under Federal's policy issued to Lincoln Electric and, therefore, Federal was not required to share in the loss with State Farm in any capacity. State Farm appealed the trial court's granting summary judgment for Federal.
 II {¶ 4} State Farm's assignment of error states the following: "The trial court erred in granting declaratory relief in favor of appellee Federal Insurance Company."
 {¶ 5} Based on the recent opinion by the Ohio Supreme Court inGalatis, supra, we affirm the lower court. In Galatis, the Ohio Supreme Court held: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope ofemployment." Id. at paragraph two of the syllabus.
 {¶ 6} In the case sub judice, Shimko was not acting within the course and scope of employment at the time of the accident. There was no contention made that Shimko sustained an injury while acting within the course and scope of employment with the named-insured, Lincoln Electric. Therefore, Federal cannot be liable to State Farm on a pro rata basis for contribution.
 {¶ 7} We find that Shimko is not an insured under Federal's policy and thus not entitled to UIM coverage under Federal's policy. Accordingly, State Farm is not entitled to contribution from Federal.
 {¶ 8} State Farm's assignment of error is overruled.
 {¶ 9} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J. and Sean C. Gallagher, J., concur.